# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. HARRIS, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>WARDEN GRANT, )<br>)<br>   Respondent. ) | Case No. CIV-21-00168-PRW |

## ORDER

Before the Court are United States Magistrate Judge Suzanne Mitchell's "Report and Recommendation" (Dkt. 6) and Petitioner's "Objection to Magistrate Judge's Report and Recommendation" (Dkt. 8). The Court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation and **DISMISSES** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1) for the reasons that follow.

On March 1, 2021, Petitioner, Michael A. Harris, filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1) challenging the earlier denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2255. The Court then referred this matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

On March 24, 2021, Magistrate Judge Mitchell issued her "Report and Recommendation" (Dkt. 6) recommending that the Court dismiss Petitioner's "Petition for

---

[1] *See* Enter Order (Dkt. 3).

a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1) for lack of jurisdiction because "[his] claims do not fall within 28 U.S.C. § 2255(e)'s Savings Clause."[2] Petitioner was advised of his right to file an objection to the "Report and Recommendation" (Dkt. 6) on or before April 14, 2021,[3] and availed himself of that right with his "Objection to Magistrate Judge's Report and Recommendation" (Dkt. 8) (the "Objection").

In his Objection, Petitioner makes two arguments. First, he argues that the Court has jurisdiction under 28 U.S.C. § 2241 because he is "being deprived of his liberty" by an "illegal incarceration."[4] Second, he argues that his Petition does fall within the Savings Clause of 28 U.S.C. § 2255(e) because "[t]he fact that the district court did not correct [his] sentence pursuant to [28] U.S.C. § 2255 shows that § 2255 was not the remedial vehicle that [he] needed . . . ."[5]

After reviewing this matter de novo, the Court agrees that the Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1) should be dismissed for lack of jurisdiction for the reasons set forth in Magistrate Judge Mitchell's "Report and Recommendation" (Dkt. 6).

Accordingly, the Court:

    (1)    **ADOPTS** the "Report and Recommendation" (Dkt. 6) issued by the Magistrate Judge on March 24, 2021; and

---

[2] R&R (Dkt. 6) at 1.

[3] *Id.* at 8.

[4] Obj. (Dkt. 8) at 2.

[5] *Id.* at 3.

(2) **DISMISSES** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1).

**IT IS SO ORDERED** this 16th day of April 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE